## FREEMAN BAXTER *vs.* LUTHER PAINE.

The holder of a promissory note, who gives it up to the maker under a mistaken impression that it has been paid in full, may recover the balance unpaid in an action for money lent.

An allegation of time in a declaration for money lent is surplusage.

ACTION OF CONTRACT for thirty dollars as money lent to the defendant on the 29th of July 1856.

At the trial in the superior court, the plaintiff testified that in 1852 he lent to the defendant the sum of five hundred dollars, and took his note for the amount, secured by mortgage; that in 1856 the defendant made a note for the same amount, and secured by mortgage, payable to the Providence County Savings Bank, and gave it to the plaintiff, who took it to the savings bank, had it discounted, and the proceeds (which he supposed amounted to the whole face of the note) placed to his own credit, and gave up the original note to the defendant; that the amount in fact placed to the plaintiff's credit at the savings

bank was thirty dollars less than the face of the note, the bank having reserved that amount for the first year's interest; and that the plaintiff, upon discovering that fact, called upon the defendant, explained the matter to him, and demanded payment of the thirty dollars, and the defendant promised to pay it in a few days.

The defendant contended that there was a variance between the declaration and the proof. But *Ames*, J. ruled otherwise, the jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*C. W. Thrasher*, for the defendant.

*W. W. Blodgett*, for the plaintiff.

CHAPMAN, J. This case does not raise the question whether a promissory note can be given in evidence upon a count for money lent. It presents a case of money actually lent. A promissory note was taken for it by the plaintiff, but afterwards cancelled and given up under the mistaken belief that it had been fully paid. It seems to have been a mutual mistake. The balance of the money lent was still due, though there was no note in existence to declare upon. The allegation of time in the count is immaterial, being mere surplusage.

*Exceptions overruled.*